**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

**CIVIL ACTION NO. 5:07CV-39-R**

RONALD (RONNIE) MULCAHY                                      PLAINTIFF

v.

ERIC FIELDS T.V.A. POLICE                                      DEFENDANT

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on Plaintiff's motion for appointment of counsel (DN 5).  Plaintiff seeks counsel because he either cannot find an attorney who will "go up agai[n]st cops" or cannot afford to pay "Some Big Retainer."

In a civil case, such as Plaintiff's action, appointment of counsel is not a constitutional right.  *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).  Title 28 of the United States Code, Section 1915(e)(1)[1] indicates that court-enlisted assistance of counsel is not mandatory but merely a matter of discretion.  *See also Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court.  It is a privilege and not a right.'") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)).  In fact, "'[i]t is a privilege that is justified only by exceptional circumstances.'"  *Lavado v. Keohane*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).  "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.'  This generally involves a determination of the 'complexity of the factual and legal issues involved.'"  *Id.* (citations omitted).

---

[1]Section 1915(e)(1) provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." (emphasis added).

At this early stage in the litigation, the Court finds that the complexity of the issues and facts in this case does not necessitate the appointment of counsel.  Further, based on the documents filed by Plaintiff thus far, it appears that Plaintiff is able to represent himself sufficiently at this time.  Accordingly,

**IT IS ORDERED** that the motion for appointment of counsel (DN 5) is **DENIED**. Nothing in this Order, however, shall preclude Plaintiff from requesting appointment of counsel at a future point of this action should new circumstances arise to justify such an appointment.

Date:

cc:      Plaintiff, *pro se*
         Defendant
         U.S. Attorney
4413.005

2