**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:07CV-39-R**

RONALD (RONNIE) MULCAHY                                                              PLAINTIFF

v.

ERIC FIELDS T.V.A. POLICE *et al.*                                                   DEFENDANTS

**MEMORANDUM & ORDER**

Plaintiff filed a civil action against Tennessee Valley Authority ("TVA") Police Officer Eric Fields, alleging excessive force during an arrest in April 2006. By counsel, the TVA and Defendant Officer Fields have filed a motion for an order confirming the substitution of the TVA in place of Officer Fields for any nonconstitutional claims alleged in the complaint (DN 12). As grounds for substitution, they reference provisions of the Federal Employees' Liability Reform and Tort Compensation Act of 1988, Pub. L. No. 100-694, 102 Stat. 4566 (1988), applicable to the TVA and its employees. They specifically cite to the following subsections of 16 U.S.C. § 831c-2, which provides as follows:

(a) Exclusiveness of remedy

(1) An action against the Tennessee Valley Authority for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Tennessee Valley Authority while acting within the scope of this office or employment is ex[c]lusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim. Any other civil action or proceeding arising out of or relating to the same subject matter against the employee or his estate is precluded without regard to when the act or omission occurred.

(2) Paragraph (1) does not extend or apply to a cognizable action against an employee of the Tennessee Valley Authority for money damages for a violation of the Constitution of the United States.

> (b) Representation and removal
>
> (1) Upon certification by the Tennessee Valley Authority that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding heretofore or hereafter commenced upon such claim in a United States district court shall be deemed an action against the Tennessee Valley Authority pursuant to section 831c(b) of this title and the Tennessee Valley Authority shall be substituted as the party defendant.

Defendant Fields and the TVA advise that the TVA has certified that Officer Fields was acting within the scope of his employment at all times relevant to the complaint. Defendant Fields and the TVA, thus, contend that the TVA should be substituted for Officer Fields for all nonconstitutional claims, and that Officer Fields should be dismissed from the action except to the extent of constitutional claims against him in his individual capacity.

Plaintiff filed a response effectively presenting no objection by stating, "if I can't sue Fields I'll sue T.V.A." (DN 15).

Upon review, **IT IS ORDERED** that the motion for order confirming substitution (DN 12) is **GRANTED**. The **TVA is substituted** as party Defendant on any nonconstitutional claims asserted against Defendant Eric Fields in the complaint.

Date:

cc:     Plaintiff, *pro se*
        Counsel of Record
4413.005